UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MIGUEL SOTO,                                                                                         Petitioner,

v.                                                                          Civil Action No. 3:14-cv-282-DJH-DW

RANDY WHITE, WARDEN,                                                                          Respondent.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Miguel Soto filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.  (Docket No. 1)  He asserts claims of juror bias and denial of the right to self-representation in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution.  The Court referred this matter to Magistrate Judge Dave Whalin for review and recommendation.  (D.N. 6)  Judge Whalin recommends that the Court deny Soto's petition.  (D.N. 20)  Because Soto's request for self-representation was untimely, and because he did not overcome the high burden in proving juror bias, the Court will deny his petition.

**I.       BACKGROUND**

Soto has not objected to Judge Whalin's findings of fact, the relevant portions of which are restated here.

On June 29, 1999, in Oldham County, Kentucky, Soto shot and killed the parents of his ex-wife, and shot his ex-wife in an attempt to kill her.  (D.N. 20, PageID # 89-92 (citing *Soto v. Commonwealth*, 139 S.W.3d 827, 839-40 (Ky. 2004)))  Immediately after the shootings, Soto visited Mitch Nobles – a retired police officer – and confessed to Nobles that he committed the crimes.  (*Id.*)  Following trial, an Oldham County, Kentucky Circuit Court jury convicted Soto of murder and sentenced him to death.  (*Id.*, PageID # 90)  On appeal, the Kentucky Supreme Court

1

affirmed his conviction and death sentence. (*Id*.) Thereafter, Soto filed a successful state post-conviction motion that vacated his death sentence. (*Id*.; D.N, 11, PageID # 54) He agreed to a sentence of life without parole with the understanding that he could pursue constitutional claims arising from the guilt phase of his murder trial. (D.N. 20, PageID # 90)

In his petition, Soto asserts two grounds for relief. (D.N. 1) He first contends that his constitutional right to act as his own counsel was violated. (*Id*.) Soto also contends that a juror with actual bias sat on his jury. (*Id*.) He directly appealed these issues to the Kentucky Supreme Court, satisfying the exhaustion requirement. 28 U.S.C. § 2254(c). Judge Whalin recommends that this Court deny Soto's petition. (D.N. 20) Soto objects to Judge Whalin's conclusions of law (D.N. 21), arguing that Judge Whalin erred in concluding that Soto's request for self-representation was untimely and for an improper purpose. (*Id*., PageID # 121-23) Soto also generally objects to Judge Whalin's conclusion that no actual juror bias tainted Soto's trial.

## II.   STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides relief to a habeas petitioner if the state-court decision "was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court." 28 U.S.C. § 2254(d). This clause applies "if the state court arrives at a conclusion opposite to that reached by the [Supreme] Court on a question of law or if the state decides a case differently than the [Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). If fair-minded jurists could disagree as to the correctness of the state court's decision, then Soto will not be entitled to relief. *Harrington v. Richter*, 562 U.S. 86, 102 (2011). The AEDPA also provides relief if the state-court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28

U.S.C. § 2254(d). This occurs when "the state court identifies the correct governing legal principle from the [Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. Soto must show that "the state court applied [a Supreme Court case] to the facts of his case in an objectively unreasonable manner." *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002).

The Court will review de novo the portions of Judge Whalin's recommendation to which Soto objects to determine if relief is warranted under the AEDPA. 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

#### A. Self-Representation

Soto made three different requests to represent himself. Immediately before the start of the trial, he asked to represent himself during discrete portions of the trial, only to abandon his request when the Oldham Circuit Court conducted a *Faretta* hearing.[1] (D.N. 20, PageID # 102) Later, during trial, Soto again asked to represent himself, then changed his mind. (*Id.*) Finally, at the close of evidence, Soto asked the court if he could make his own closing statement and have his lawyer act as standby counsel. (*Id.*, PageID # 104) Soto argues that this request to represent himself in closing argument was timely and for a proper purpose. (D.N. 21, PageID # 119) But when asked by the trial court why he wished to represent himself, Soto responded that "he did not testify at trial and that he wanted to be heard now." (*Id.* (internal quotations omitted)) The trial court concluded that his request was untimely and for the improper purpose of giving unsworn testimony. (*Id.*, PageID# 102)

---

[1] Because Soto asked to act as his own co-counsel, and not to act alone, Soto's request did not merit a *Faretta* hearing under federal law. *See Faretta v. California*, 422 U.S. 806 (1975); *U.S. v. Cromer*, 389 F.3d 662, 682 (6th Cir. 2004). But Kentucky law afforded Soto a *Faretta* hearing, and he received one. *See Mitchell v. Commonwealth*, 423 S.W.3d 152, 160 n.3 (Ky. 2014).

The Kentucky Supreme Court affirmed the trial court's decision. (*Id.*, PageID # 102) It held that the trial court's denial of Soto's request for self-representation was not an abuse of discretion because the request was untimely and for an improper purpose. (*Id.*) The Kentucky Supreme Court cited *Faretta* and *Robards v. Rees*, 789 F.2d 379 (6th Cir. 1986), in support of its decision. (*Id.*)

In his report and recommendation, Judge Whalin found that Soto "vacillated" and, having abandoned similar prior requests at various points during the trial process, "did not make a clear, unequivocal and timely request to act as his own counsel." (D.N. 20, PageID # 105 (citing *United States v. Brooks*, 532 F. App'x 670, 671-72 (9th Cir. 2013); *cert. denied*, 134 S. Ct. 835 (2013); *United States v. Thomas*, 391 F. App'x 321, 328 (4th Cir. 2010); *United States v. Bankoff*, 613 F.3d 358, 373-74 (3rd Cir. 2010)) While a defendant has a right to self-representation, invocation of the right must be unequivocal, knowing, and timely asserted before meaningful trial proceedings have begun. *Faretta*, 422 U.S. at 835; *Hill v. Curtin*, 792 F.3d 670, 677 (6th Cir. 2015); *United States v. Hilton*, 701 F.3d 959, 965 (4th Cir. 2012); *Cromer*, 389 F.3d at 682. Soto's repeated second-guessing suggests anything but an unequivocal approach to the issue of self-representation. Moreover, the Court agrees that a request made immediately before closing statements is untimely.

Soto contends that his request to give his own closing was timely because he first gave notice of his request for self-representation at the start of the trial. (D.N. 21, PageID # 121-22) But Soto's early request – which was withdrawn – cannot substitute for the later request about which he now complains. To allow an earlier abandoned request to act as a placeholder for a later request would conflict with the Sixth Circuit's holding in *Hill*.

4

In *Hill*, the Sixth Circuit found that "the U.S. Supreme Court has never held that a court must inquire into the basis of a defendant's request before denying it as untimely." 792 F.3d at 678. It acknowledged that trial courts have wide discretion in determining what is timely because the Supreme Court has not addressed timeliness. *Id*. at 679. And because the Supreme Court has not addressed timeliness, the state court's determination was not contrary to clearly established law. *Id*. at 678. Thus, the Oldham Circuit Court's finding that Soto's request was untimely is sufficient, and no further analysis of the request for self-representation is necessary.

Even if it were necessary to examine whether Soto's request was made for an improper purpose, Soto's petition would still fail. Soto contends that the trial court could have alleviated any concerns by "admonishing him that he was limited to commenting only on the evidence that the jury had heard." (D.N. 21, PageID # 124) Importantly, the Court must presume the trial court's findings of fact to be correct. 28 U.S.C. § 2254(e)(1). Although Soto did acknowledge that he was "not supposed to talk about anything other than the evidence that came up at this trial so it's not like [he's] trying to testify," he also said that he wanted to give his own closing argument because he wanted to be heard. (D.N. 21, PageID # 124; D.N. 20, PageID # 105) That was enough for the trial court to conclude that Soto's purpose was improper. This Court finds that at minimum, fair-minded jurists could disagree regarding the trial court's application of *Faretta* in finding an improper purpose behind Soto's request for self-representation. Thus, Soto is not entitled to relief on this ground.

In sum, Soto has failed to meet the burden of showing that the Kentucky Supreme Court applied *Faretta* to the facts of his case in an "objectively unreasonable manner." *Woodford*, 537 U.S. at 25.

### B. Actual Juror Bias

Soto also generally objects to Judge Whalin's conclusion that he "has not overcome the presumption of impartiality by presenting clear and convincing evidence of juror Palzer's actual bias, nor has he shown that the decision of the Kentucky Supreme Court is contrary to or an unreasonable application of" relevant U.S. Supreme Court precedent. (D.N. 20, PageID # 113; *see* D.N. 21, PageID # 127) During voir dire, a juror, Palzer, said that he would give slightly more weight to a police officer than, as he characterized it, a layperson. (D.N. 20, PageID # 107) Palzer later clarified his view: the police officer would have to be on duty and then it would be a "51% versus 49%" preference. (*Id.*, PageID # 108-09) At the time, the Commonwealth did not think there was a significant factual dispute between a police officer and a layperson in this case, nor did one ever materialize during the trial. (*Id.*) The trial court allowed the juror to stay. The Kentucky Supreme Court affirmed the finding that juror Palzer's responses did not establish an implied bias and concluded that Soto "could not have been prejudiced" by his statement. *Soto*, 139 S.W.3d at 850.

In his objection, Soto focuses on the fact that part of his defense was that he was intoxicated at the time of the murders, and Mitch Nobles, the retired policeman visited by Soto immediately after the murders, testified that Soto did not appear intoxicated. (D.N. 21, PageID # 127) Nobles testified that he had been trained to detect intoxication. (*Id.*, PageID # 128) He was also part of the interrogation leading to Soto's confession. (*Id.*)

Although these facts establish that Nobles's testimony was important, a fair-minded jurist could conclude that the trial court properly exercised its discretion under Supreme Court precedent. Trial courts are given substantial deference in determining juror bias. *See Skilling v. United States*, 561 U.S. 358, 386 (2010); *Uttecht v. Brown*, 551 U.S. 1, 9-10 (2007). And

findings of fact in habeas cases, such as juror bias, are presumed to be correct, with the presumption rebuttable only "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see Patton v. Yount*, 467 U.S. 1025, 1036 (1984) (juror bias is a question of fact). Soto has not overcome this heavy burden.

The juror stated that he would give an officer's testimony more weight than a layperson. (D.N. 20, PageID # 107) But Soto never put up a witness to contradict Nobles (*id.*, PageID # 114), so the jury never had to compare Nobles's side of the story with a layperson's. As Judge Whalin concluded, "[a] generally favorable attitude toward law enforcement, without more, did not require the disqualification of juror Palzer so that the trial court, in the exercise of its broad discretion, properly overruled the motion to strike juror Palzer for cause as the Kentucky Supreme Court reasonably found on direct appeal." (*Id.*, PageID # 115 (citing *United States v. Umaña*, 750 F.3d 320, 342 (4th Cir. 2014)) Soto's objection will therefore be overruled.

## IV. CONCLUSION

Soto has failed to demonstrate that the Kentucky Supreme Court's decisions were contrary to or involved an unreasonable application of clearly established federal law, or that they were based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d). However, the Court agrees with Judge Whalin's conclusion that the Court should grant a certificate of appealability as to both of Soto's claims. Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) The Findings of Fact, Conclusions of Law and Recommendation of Magistrate Judge Dave Whalin (D.N. 20) are **ADOPTED** in full and **INCORPORATED** herein by reference.

7

8

(2) Petitioner Miguel Soto's objections to the Findings of Fact, Conclusions of Law and Recommendation (D.N. 21) are **OVERRULED**.

(3) A Certificate of Appealability shall be **GRANTED** as to each claim in Petitioner's petition.

(4) A separate Judgment shall issue this date.

February 12, 2016

                                                  **David J. Hale, Judge**
                                            **United States District Court**